UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL R. JONES,

        Plaintiff,

v.                                                CASE NO. 4:17-CV-10217
                                                       HON. TERRENCE G. BERG

MDOC COURT ORDER PROCESSING
STAFF, et al.,

        Defendants.
_____/

**ORDER OF SUMMARY DISMISSAL**

**I.   Introduction**

Michigan prisoner Samuel R. Jones ("Plaintiff") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Dkt. 1). The Court has granted his application to proceed without prepayment of fees and costs pursuant to 28 U.S.C. § 1915(a).  In his complaint, Plaintiff alleges that Michigan Department of Corrections ("MDOC") officials have made errors in handling his prison account, particularly concerning the withdrawal of funds to satisfy required court payments, and have improperly denied his grievances concerning the matter.  Plaintiff alleges that this conduct amounts to a violation of his Eighth Amendment and other constitutional rights.  (Id. at 5.). He seeks injunctive relief and monetary damages. For the reasons stated herein, the Court summarily dismisses the complaint because the alleged errors in managing his account and administering his

grievances do not amount to cruel and unusual punishment under the Eighth Amendment, violate the Due Process clause of the Fourteenth Amendment, or deny him his First Amendment right to petition the government. The Court further concludes that an appeal from this Order cannot be taken in good faith.

## II.     Discussion

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the

defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Having reviewed the matter, the Court finds that Plaintiff's complaint is subject to summary dismissal for failure to state a claim upon which relief may be granted.

3

A. **Eighth Amendment Claim**

Plaintiff appears to claim that allegedly improper withdrawals from his prison spending account violate his Eighth Amendment guarantee against cruel and unusual punishment. To state an Eighth Amendment claim, a prisoner must allege that the offending conduct constitutes an "unreasonable and unwanton infliction of pain." *Ingraham v. Wright*, 430 U.S. 651, 670 (1977). Such a claim has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). The objective component of an Eighth Amendment claim requires that the pain be serious or concern the deprivation of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981). The objective component requires that the offending conduct be intentional or deliberately indifferent. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *see also Wilson*, 501 U.S. at 301-03. Plaintiff fails to allege facts to support any such claim. Conclusory allegations are insufficient to state a claim for relief under § 1983. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

Furthermore, courts have consistently declined to find Eighth Amendment violations arising from the alleged improper withdrawal of prison funds. *See, e.g., Erdman v. Martin*, 52 Fed. App'x 801, 803-04 (6th Cir. Dec.12, 2002); *Brown v. Crowley*, 229 F.3d 1150, 2000 WL 1175615, *2-3 (6th Cir. 2000); *Moody v. Weaks*,

No. 1:09-CV-332, 2009 WL 1728102, *3 (S.D. Ohio June 18, 2009) (Ohio prisoner failed to show that alleged improper withdrawal of funds deprived him of necessities). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983 as to this issue.

### B. Fourteenth Amendment Claim

A prisoner does have a protected property interest in his prison account money. *See Hampton v. Hobbs*, 106 F.3d 1281, 1287 (6th Cir. 1997). To the extent that Plaintiff alleges that he is being improperly deprived of his prison funds by the disputed withdrawals, however, he fails to allege a constitutional violation. A withdrawal of funds from a prisoner's institutional account to satisfy court costs and fees does not "deprive" a prisoner of his funds when they are used to pay court costs and fees because the funds are being used for his benefit. *See Erdman*, 52 Fed. App'x at 803-04; *see also Gallagher v. Lane*, 75 Fed. App'x 440, 441-42 (6th Cir. Sept. 16, 2003).

Moreover, even if a constitutional concern exists, Plaintiff fails to allege or establish that any of the defendants have intentionally deprived him of his money or deliberately withdrawn improper amounts from his prison account. At best, he alleges that one or more of the defendants have been negligent, which fails to state a claim for relief under § 1983. *See Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-28 (1992); *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (due process clause is not implicated by a negligent act).

5

Additionally, the United States Supreme Court has recognized that the negligent deprivation of a prisoner's property does not violate due process if the state provides an adequate remedy to redress the wrong. *See Parratt v. Taylor*, 451 U.S. 527, 537 (1981), *overruled in part by Daniels*, 474 U.S. at 328 (ruling that negligence does not amount to a "deprivation" implicating due process). Likewise, an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of due process "if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Consequently, to state a due process claim for the intentional deprivation of property, a plaintiff must plead that available state procedures for redressing the wrong are inadequate. *See Vicory v. Walton*, 721 F.2d 1062, 1065-66 (6th Cir. 1983); *see also Wilson v. Beebe*, 770 F.2d 578, 584 (6th Cir. 1985) (en banc). Plaintiff has not done so. The State of Michigan provides adequate post-deprivation remedies to address Plaintiff's concerns. *See, e.g., Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995); *Etheridge v. Evers*, 326 F. Supp. 2d 818, 824 (E.D. Mich. 2004); *see also Brown*, 2000 WL 1175615 at *2 (affirming dismissal of prisoner's due process claim arising from alleged wrongful deduction from prison account). Plaintiff thus fails to state a claim upon which relief may be granted under § 1983.

C. **Grievance Denials**

Lastly, to the extent that Plaintiff asserts that one or more of the defendants violated his constitutional rights by denying his grievances concerning his prison account, he fails to state a claim for relief. The First Amendment guarantees "the

6

right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I.  While a prisoner has a First Amendment right to file grievances against prison officials, *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a petition for redress of grievances. *Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").  Moreover, an inmate does not have a constitutionally-protected interest in a jail or prison grievance procedure or the right to an effective procedure. *Walker v. Michigan Dep't of Corrections*, 128 Fed. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 Fed. App'x 427, 430 (6th Cir. 2003) (citing cases).  To the extent that Plaintiff is dissatisfied with the investigation of his concerns and responses to his grievance, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 Fed. App'x 642, 644 (6th Cir. 2003); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009).

Finally, any assertion that one or more of the defendants failed to supervise another employee, should be vicariously liable for another employee's conduct, erred in denying his grievances, and/or did not properly respond to his complaints is insufficient to state a civil rights claim. *See, e.g., Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *see also Martin v. Harvey*, 14 Fed. App'x 307, 309 (6th Cir.

2001). Plaintiff fails to state a claim upon which relief may be granted under § 1983 as to this issue.

### III.  Conclusion

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings. Accordingly, the Court **DISMISSES WITH PREJUDICE** his civil rights complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated:  February 28, 2017

### Certificate of Service

I hereby certify that this Order was electronically submitted on February 28, 2017, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb
Case Manager